# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>v.<br><br>TRENELL MONSON,<br><br>                    Defendant. | 1:16-CR-00069-LJO-SKO<br><br>**MEMORANDUM DECISION AND ORDER DENYING MOTION TO SUPPRESS CONTENTS OF CELL PHONE SEARCH AND THE FRUITS THEREOF FILED BY TRENELL MONSON**<br><br>**(ECF No. 343)** |

The Court has received and reviewed Defendant Trenell Monson's Notice of Motion and Motion (ECF No. 343), the Government's Opposition, including Exhibit A, (ECF No. 411), and Defendant Monson's Response (ECF No. 433).

## I. FACTUAL BACKGROUND

In 2009, Monson was convicted of pimping a juvenile prostitute over the age of 16, in violation of California Penal Code § 266H(b)(1). He was paroled in 2011. Monson's special conditions of parole provided that his electronic devices could be searched for evidence indicating a violation of his parole conditions.

On December 31, 2013, Fresno Police Department ("FPD") detectives took Monson into custody for a parole violation. (ECF No. 411 at 2.) According to the FPD reports, Monson's parole officer informed FPD officers that Monson had repeatedly left Fresno County in violation of his parole and had continued to violate his curfew. (*Id.*) Monson was arrested at a barber shop in Fresno. (*Id.*) Agents seized three cell phones from Monson's pocket. FPD officers located additional cell phones in his

1

vehicle parked nearby. (*Id.*) FPD officers also made contact with a woman in the vehicle who admitted to working for Monson as a prostitute. (*Id.*) She and Monson both admitted that they were about to leave town when Monson was apprehended. (*Id.*) Believing that the cell phones might contain evidence that Monson was engaged in pimping, agents seized the cell phones and forensically examined them. (*Id.*) Agents retrieved videos from one of the cell phones. (*Id.*) All three videos were recorded on September 24, 2013 and depict Monson discussing pimping and prostitution related activities with an individual speaking on a jail phone. (*Id.*) A description of the jail phone call between Monson and Keishma Daniels was included in the first wiretap affidavit in this case. (16-001 Affidavit, ECF No. 313-1.)

## II. DISCUSSION

Defendant contends that the warrantless search of his cell phone was not reasonable because he was not subject to suspicionless search of his cell phone as a condition of his parole. (ECF No. 343 at 3.) The Government counters that Defendant's parole conditions did subject him to unannounced searches of his electronic devices, which it argues encompasses cell phones, and that the search was reasonable under the Fourth Amendment.

The touchstone for all Fourth Amendment analysis is reasonableness, and the reasonableness of a search is determined by weighing the degree to which it intrudes on an individual's privacy against the legitimate government interests in the search. The reasonableness of the search is assessed under "the totality of the circumstances." *See United States v. Knights*, 534 U.S. 112, 118 (2001); *United States v. King*, 736 F.3d 805, 808 (9th Cir. 2013).

A probationer's reasonable expectation of privacy is "significantly diminished." *Knights*, 534 U.S. at 119-20. Parolees have an even lower expectation of privacy than probationers. *Samson v. California,* 547 U.S. 843, 850 (2006) ("[P]arolees are on the 'continuum' of state-imposed punishments . . . . On this continuum, parolees have fewer expectations of privacy than probationers, because parole is more akin to imprisonment than probation is to imprisonment.").

Furthermore, Monson did accept the following special condition of parole:

> You shall agree and voluntarily consent to announced or unannounced examination and/or search of electronic devices to which you have access for the limited purpose of detecting content prohibited by your conditions of parole or court order, i.e., hard disks, zip disks, floppy diskettes, CD ROMs, optical disks, thumb drives, magnetic tape, and/or any other storage media whether installed within a device or removable and separate from the actual computer device.

(ECF No. 411, Ex. A.) The sheet detailing the special conditions of parole indicates that the judge ordered this condition and that Monson assented to it by signing his initials next to the condition. (*Id.*) Defendant contends that this condition, which relates to "electronic devices," does not encompass the search of his cell phone, since it appears to refer to computers and other storage devices that can be connected to a computer. The Court disagrees. The cell phone that was searched unquestionably qualifies as "an electronic device to which [Defendant] ha[d] access" and contained storage media, and therefore was a storage media device. Indeed, it is the videos stored on that cell phone that are at issue here. The search condition extended to Monson's cell phone.

Even if the electronic device condition did not extend to Monson's cell phone, the search still would have been reasonable under the Fourth Amendment balancing test. As a parolee, Monson had a significantly diminished privacy interest. The [G]overnment had a strong interest in searching Monson's phone given that he was on parole for a serious sex trafficking offense, and admitted that he about to leave town to engage in pimping. *See Knights*, 534 U.S. at 121 (officers who have reasonable suspicion may validly search a probationer); *Sampson*, 547 U.S. at 857 ("The Fourth Amendment does not prohibit a police officer from conducting a suspicionless search of a parolee.").

Monson cites the *United States v. Lara*, 815 F.3d 605, 612 (9th Cir. 2016), for the proposition that the warrantless search of his cell phone violated his Fourth Amendment rights. In *Lara*, the Ninth Circuit held that the warrantless search of defendant's cell phone was unreasonable under the Fourth Amendment because the defendant was not subject to a cell phone search as a condition of probation, defendant had been convicted of a nonviolent drug offense, and probationer's only violation was that he had missed a meeting with his officer. However, *Lara* is clearly distinguishable.

Here, Monson was on parole, not probation, which means his expectation of privacy was further diminished. Second, he was suspected of being involved in activity similar to the serious felony activity for which he was serving parole, unlike Lara who was a non-violent drug offender. Third, he was in serious violation of his parole conditions, unlike Lara who apparently missed one meeting with his probation officer. Lastly, in *Lara*, the defendant agreed to "'submit [his] person and property, including any residence, premises, container or vehicle under [his] control to search and seizure.' None of these terms encompasses his cell phone and the information contained therein." *Id.* at 611. The specific types of property enumerated in Lara's condition of probation clarify that the "property" at issue "refer to physical objects that can be possessed," which cell phone data plainly cannot. *Id*. Having waived a privacy interest in tangible physical objects did not diminish his privacy interest in the very different data contained on his cell phone. *Id.* By contrast, Monson's search condition at least arguably encompassed a suspicionless search of his cell phone for stored media. Even if the condition of parole is read to be restricted to electronic media associated with computers rather than cell phones, the information accessible on a cell phone is of the same type as electronic data available on a computer, further distinguishing *Lara*, where the search consisted of information wholly different from property covered in his condition of probation. In light of all of these factors, the Court concludes that the warrantless search of Monson's cell phone was reasonable.

## **CONCLUSION AND ORDER**

Defendant's motion to suppress Monson's cell phone search and the fruits thereof (ECF No. 343) is DENIED.

IT IS SO ORDERED.

Dated:   **September 29, 2017**          /s/ Lawrence J. O'Neill
                                          UNITED STATES CHIEF DISTRICT JUDGE