MICHAEL BERDINELLA, SBN 085038
726 W. Barstow, Suite 100
Fresno, CA 93704
Ph. 559-436-8000
Fax 559-436-8900
Email: attyberdinella@gmail.com

Attorney for Defendant
TRENELL MONSON

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TRENELL MONSON,<br><br>Defendant. | Case No.: 1:16-cr-00069 JLT SKO<br><br>**STIPULATED MOTION AND ORDER TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2)**<br><br>RETROACTIVE CRIMINAL HISTORY REDUCTION CASE |

Defendant, Trenell Monson, by and through his attorney, Michael Berdinella, and plaintiff, United States of America, by and through its counsel, Assistant U.S. Attorney Shelley D. Weger, hereby stipulate as follows:

1.  Pursuant to 18 U.S.C. § 3582(c)(2), this Court may reduce the term of imprisonment in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), after taking into account the policy statements set forth in USSG § 1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable;

2.  The United States Sentencing Commission recently amended the Sentencing Guidelines to limit the overall criminal history impact of "status points" by assigning zero status

points for offenders with six or fewer criminal history points, and one status point for offenders with seven or more criminal history points ("status-point provision"). *See* Amendment 821, Part A; *compare* USSG § 4A1.1(d) (2022), *with* USSG § 4A1.1(e) (Nov. 1, 2023). The United States Sentencing Commission made the status-points provision retroactive beginning February 1, 2024. *See* USSG § 1B1.10(e)(2) (Nov. 1, 2023); 88 Fed. Reg. 60534;

3. Mr. Monson received 5 criminal history points based on his past criminal convictions and 2 criminal history points pursuant to former USSG § 4A1.1(d) for a total criminal history score of 7, which placed Mr. Monson in criminal history category IV with a recommended guideline range of 168 to 210 months, based on a total offense level of 32;

4. On October 1, 2018, now retired United States District Court Judge Lawrence J. O'Neill sentenced Mr. Monson to a term of 180 months' imprisonment;

5. The sentencing range applicable to Mr. Monson was subsequently lowered by the status-points provision, which reduces his criminal history score to 5, lowering his criminal history category from IV to III, resulting in an amended advisory guideline range of 151 to 188 months;

6. Because Mr. Monson is eligible for a reduction in sentence, the parties request the Court enter the order lodged herewith reducing Mr. Monson's term of imprisonment to 168 months.

7. If the Court grants the parties' stipulation, the parties request the Court dismiss the following three pending motions as moot: (1) motion to appoint counsel,[1] ECF No. 1016, filed on December 22, 2023; (2) motion to vacate and/or reduce sentence pursuant to Amendment 821, ECF No. 1041, filed on October 21, 2024; and (3) amended motion to vacate and/or reduce sentence, ECF No. 1045, filed on December 15, 2024.

---

[1] The Court treated this filing as a motion for sentence reduction pursuant to Amendment 821 and ordered the government to file a substantive response. *See* ECF No. 1017 (Minute Order).

8. <u>United States' statement regarding its stipulation</u>[2]: The United States enters into this stipulation after reviewing the Presentence Investigation Report ("PSR"); the parties' plea agreement, ECF No. 607; Government's Response to Defendant's Objections to PSR, ECF No. 700 (setting forth government's sentencing recommendation); Statement of Reasons ("SOR"); Judgment, ECF No. 742; defendant's Bureau of Prisons ("BOP") disciplinary history, and after conferring with the prosecuting Assistant United States Attorneys.

Defendant was convicted of conspiracy to commit murder in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(5); transportation in interstate commerce for prostitution, in violation of 18 U.S.C. § 2421; and use of a facility of interest commerce to promote prostitution, in violation of 18 U.S.C. § 1952(a).  The United States agreed to recommend a sentence of 168 months.  ECF Nos. 607 at 7, 700.  The parties jointly agreed that a sentence of 168 months fell within the range of reasonableness contemplated by 18 U.S.C. § 3553(a).  ECF No. 607 at 9.  The Probation Officer recommended a sentence of 189 months in prison.  PSR at 27.  The Court sentenced Defendant to 180 months in prison.  ECF No. 742 at 2.

BOP records show Defendant has sustained five disciplinary incidents while in the Bureau of Prisons' custody.  On June 20, 2022, Defendant possessed a hazardous tool (a cell phone) which resulted in 100-series violation, the most serious in BOP's rating system, and the loss of 41 days Good Conduct Time.  Defendant sustained another 100-series violation for disruptive conduct on March 8, 2022, for which he lost 41 days Good Conduct Time.  Defendant sustained three 300-series violations for counterfeiting or forging a document, giving/accepting money without authorization, and possessing a non-hazardous tool on January 20, 2020.

**The remainder of this page is intentionally blank.**

---

[2] This statement is provided by the United States to give the Court a brief summary of the case history and relevant facts and is not part of the parties' stipulation.

Defendant's current projected release date is June 3, 2028.

Respectfully submitted,

Dated:  December 20, 2024                             Dated:   December 20, 2024

                                                     PHILLIP A. TALBERT
                                                     United States Attorney


 */s/Michael W. Berdinella*                            */s/Shelley D. Weger*
MICHAEL BERDINELLA                                   SHELLEY D. WEGER
                                                     Assistant U.S. Attorney

Attorney for Defendant                               Attorney for Plaintiff
TRENELL MONSON                                       UNITED STATES OF AMERICA

**ORDER**

This matter came before the Court on the stipulated motion of the parties for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2).

The parties agree, and the Court finds, that Mr. Monson is eligible to the benefit of Amendment 821, Part A, the new status points provision, codified at USSG § 4A1.1(e), which reduces his criminal history category from IV to III, resulting in an amended guideline range of 151 to 188 months.

IT IS HEREBY ORDERED that, pursuant to USSG § 1B1.10(b), the term of imprisonment imposed in 2018 is reduced to a term of 168 months.

IT IS FURTHER ORDERED that all other terms and provisions of the original judgment remain in effect. The clerk shall forthwith prepare an amended judgment, AO 247, reflecting the revised Criminal History Category of III and the above reduction in sentence, and shall serve certified copies of the amended judgment on the United States Bureau of Prisons and the United States Probation Office.

IT IS FURTHER ORDERED that Mr. Monson's motion to appoint counsel, ECF No. 1016, filed on December 22, 2023; his motion to vacate and/or reduce sentence pursuant to Amendment 821, ECF No. 1041, filed on October 21, 2024; and his amended motion to vacate and/or reduce sentence, ECF No. 1045, filed on December 16, 2024, are dismissed as moot.

Unless otherwise ordered, Mr. Monson shall report to the United States Probation Office within seventy-two hours after his release.

IT IS SO ORDERED.

Dated:   **December 22, 2024**

*/s/ Jennifer L. Thurston*
UNITED STATES DISTRICT JUDGE